UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Amanda Kay Skinner, | ) | |
|                 Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 11-1080 |
| | ) | |
| Methodist Medical Center | ) | |
|                 Defendant | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed this litigation on February 24, 2011. A Rule 16 conference was schedule for June 16, 2011. Notice of the conference was sent to Plaintiff at the address she provided to the Court.

On that date, Plaintiff could not be reached at the telephone number she had provided. The Rule 16 conference was continued to July 15, 2011. The conference on July 15 was unable to go forward on that date because, once again, Plaintiff was not reachable at the number she had provided to the Court. Defense counsel had learned of a possible second number which was also called; no one answered at that number either.

Defendant has now filed a motion under Fed.R.Civ.P. 41 for involuntary dismissal due to lack of prosecution. In addition to the two hearings mentioned above, this motion states that plaintiff has not responded to defense counsel's letter regarding preparation for the rule 16 conferences.

"Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judge have a responsibility to litigants to keep their court calendars as current as humanly possible. James v. McDonald's Corp., 471 F.3d 672 (7th Cir. 2005). Although pro se parties are given some leeway in how their pleadings are interpreted, unrepresented parties

must follow procedural rules and comply with court orders. McNeil v. United States, 508 U.S. 106, 113 (1993); Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir.2002); Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996).

It is evident that Ms. Skinner has not kept the court or opposing counsel apprised of her contact information. Moreover, clear delay has been occasioned by Ms. Skinner's failure on two occasions to comply with a plain order - to be available by telephone for a conference in relation to her case.

I therefore recommend that the Defendant's motion be granted and that this case be dismissed for lack of prosecution. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTERED ON August 2, 2011

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE